UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SCOTT THOMAS BARRY,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>JAUQUIN ARCHAVILDO GUZMAN LOERA, MARC FERNICH, and JULIE ROUSH,<br><br>　　　Defendants. | CAUSE NO. 1:23-CV-534-DRL-MGG |

OPINION AND ORDER

Scott Thomas Barry, a prisoner without a lawyer, filed a complaint naming three defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Barry alleges he is the blood cousin of Joaquin Archivaldo Guzman Loera a/k/a "El Chapo" BOP # 89914-053, a drug lord currently incarcerated in USP Florence Admax Prison. Mr. Barry alleges he has been attacked since birth by rival gangs fighting with Mr. Guzman Loera. Mr. Barry says he is suing because he wants to have a positive relationship with their shared family members and to receive $80,000,000 from Mr.

Guzman Loera. Accepting these allegations as true, it is unfortunate that Mr. Barry has been physically abused and estranged from his family, but neither is a basis for suing Mr. Guzman Loera.

Mr. Barry is suing Marc Fernich, Mr. Guzman Loera's criminal defense attorney, because he wants him to schedule a meeting with his cousin. It is unclear if Mr. Fernich could schedule such a meeting, but it is clear this is not a valid basis for naming him as a defendant.

Mr. Barry is suing Julie Roush, the Tippecanoe County Clerk. He alleges she inappropriately handled his legal documents. Attached to his complaint is a letter from her dated July 17, 2023, returning his "Motion for Fee Waiver/Order, Summons" because he had not yet filed a "Petition, Complaint for Action." ECF 1-1 at 2. The letter explains "We cannot hold documents until everything is received." *Id*. A month later, Mr. Barry filed the necessary documents to open a state civil lawsuit against Messrs. Guzman Loera and Fernich raising basically the same claims against them that he presents in this case. *See Barry v. Guzman,* 79D01-2308-CC-1254 (Tippecanoe Superior Court 1 filed August 1, 2023) available at https://public.courts.in.gov/mycase. Mr. Barry alleges Ms. Roush violated his "human rights and civil rights plus my constitutional rights," but this complaint does not present facts supporting those allegations. ECF 1 at 6.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan*

*Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

February 13, 2024                               *s/ Damon R. Leichty*
                                                Judge, United States District Court